```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MANUEL FELICIANO,

             Plaintiff,                          Case No. 1:20-cv-00668 (ER)(KHP)
     v.

CAMMEBY'S INTERNATIONAL, LLC; et al.,

             Defendants.
----------------------------------------------------------x
```

## AGREED ORDER TO STAY ACTION

PLAINTIFF AND DEFENDANTS RESPECFULLY SUBMIT, by and through the undersigned attorneys for all parties in this matter, as follows:

1. This action was timely removed from the Supreme Court of the State of New York, County of New York on January 24, 2020, after Plaintiff Manuel Feliciano ("Plaintiff") served an Amended Summons on all Defendants alleging employment related claims under federal, state and local anti-discrimination and wage and hour laws and regulation.

2. By agreement, and with approval of the Court, Plaintiff filed his 16-count Complaint on February 21, 2020 ("the Complaint").

3. Plaintiff is a union-represented building service employee working as doorperson at a residential building located at 30 Park Avenue in Manhattan that is owned and managed by Defendants Cammeby's International LLC, Cammeby's International LLC d/b/a Cammeby's Funding LLC, Cammeby's International LLC d/b/a Cammeby's Management Co LLC, TM 96 Services LLC and Thor 30 Park Avenue LLC (collectively, "Employer Defendants").

4. Plaintiff is represented for purposes of collective bargaining with Employer Defendants by, and is a member of, Defendant Local 32BJ, Service Employees International Union ("Union Defendant").

5. The terms and conditions of Plaintiff's employment are established under a collective bargaining agreement ("CBA") negotiated between Union Defendant and the Realty Advisory Board on Labor Relations, Inc., a multi-employer association of which Employer Defendants are members.

6. The CBA contains a procedural mechanism known as the No-Discrimination Protocol established for the resolution of statutory discrimination claims brought by Union members covered by the CBA against their respective employers, such as those brought by Plaintiff against the Employer Defendants in this action.

7. Although not all claims alleged in the Complaint are subject to the No-Discrimination Protocol—specifically, claims against Union Defendant, claims against individual Defendants, and any wage and hour claims—the parties have agreed to seek a stay of this action for the purpose of availing themselves of this contractual mechanism designed to resolve discrimination claims against the Employer Defendants as a means to reach a global settlement of all claims, as follows:

**IT IS HEREBY AGREED AND PROPOSED BETWEEN ALL PARTIES SUBJECT TO COURT APPROVAL:**

1. This action is stayed for a period of not more than <u>90 days</u> ("the Stay").

2. During the Stay, Plaintiff and Defendants shall submit all eligible claims to the CBA's No-Discrimination Protocol for the purpose of seeking a voluntary resolution of all disputes brought under this action.

3. If a voluntary settlement of all claims is reached during the Stay, Plaintiff shall promptly file with this Court a Rule 41 notice of dismissal of the Complaint with prejudice.

4. The Stay shall terminate upon the earlier of: (1) 90 days from the date this agreed proposed order is approved by the Court; or (2) upon notice to the Court from Plaintiff that a voluntary settlement of all claims under this action has not been reached and that Plaintiff seeks to proceed before the Court.

5. Upon termination of the Stay, Defendants shall have <u>14 days</u> to file an Answer to the Complaint or submit a letter to the Court seeking a pre-motion conference under Section 2.A.ii of this Court's Individual Practices seeking permission to file a Rule 12 motion to dismiss under the Federal Rules of Civil Procedure.

Date: New York, New York
March 10, 2020

/ s / Harry Weinberg, Esq.
_____
Harry Weinberg, Esq.
Law Offices of Harry Weinberg, PLLC
Attorneys for Defendants Cammbey's International, LLC, Cammeby's Funding, LLC, TM 96 Services, LLC, Fermin Bardales, Skender Marku, Kenneth Stuke and Yaacov Reich
One Penn Plaza – Suite 2110
New York, N.Y. 10119
(212) 889-4100
harryesq@aol.com

/ s / Melissa Mendoza, Esq.

_____

Melissa Mendoza, Esq.
Derek Smith Law Group, PLLC
Attorneys for Plaintiff Manuel Feliciano
One Penn Plaza
New York, N.Y. 10119
(212) 587-0760
Melissa@dereksmithlaw.com



/ s / Lyle D. Rowen, Esq.

_____

Lyle D. Rowen, Esq.
Attorney for Defendants
Service Employees International Union,
Local 32BJ and Frank Oropesa
25 West 18th Street
New York, N.Y. 10011
(212) 388-3452
lrowen@seiu32bj.org



**SO ORDERED:**

_____
Honorable Edgardo Ramos, U.S.D.J.
Dated: March 11, 2020
New York, NY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: March 11, 2020